IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CERTIFIED CAR SALES, LLC, a Missouri Limited Liability Company, </br></br> Plaintiff, </br></br> v. </br></br> SHERIFF'S DEPUTY STEVEN STETLER, individually and as a Deputy of the DuPage County Sheriff's Office, and JOHN P. CREEDON, individually and as Director of the Tri-County Auto Theft Unit, </br></br> Defendants. | No. 06 C 6192 </br></br> Magistrate Judge </br> Arlander Keys |

## MEMORANDUM OPINION AND ORDER

Certified Car Sales, a company owned and operated by David Kramer, agreed to buy used cars and place them on consignment with Pugi Kia, a dealership, for resale. Pugi agreed to market and sell each car, and to pay Certified the sales price, less a commission. The relationship was short-lived; Certified terminated its relationship with Pugi less than 4 months later and learned that Pugi had sold three of four cars Certified had delivered within the contract period, yet had not paid a dime to Certified. According to the allegations in the complaint, Certified "took possession" of the fourth car, a 2005 Kia Rio, from Pugi, and brought it to the Greater Chicago Auto Auction to sell it. Certified retained the titles on all four of the

vehicles it had placed with Pugi under the contract, including the three that Pugi had already sold.

Pugi reported (falsely, allegedly) the 2005 Rio stolen, and John Creedon, then director of the Tri-County Auto Theft Unit, was dispatched to the Auto Auction to investigate. After meeting with Certified's Kramer, who told him that the Rio belonged to Certified, Director Creedon took the Rio and delivered it to Pugi; he also directed Mr. Kramer to meet with Steven Stetler, a Deputy DuPage County Sheriff. Mr. Kramer did so, and told Deputy Stetler that Certified held title to the Rio, as well as the other three cars Pugi had sold on Certified's behalf. Mr. Kramer showed Deputy Stetler the original titles to all four cars; Deputy Stetler took them, made copies and gave the copies back to Mr. Kramer, keeping the originals. He later gave the original title documents to Pugi and advised Mr. Kramer that Certified would not be getting the original titles back.

Certified sued Director Creedon and Deputy Stetler, alleging that the above-described conduct violates several of Certified's constitutional rights.[1] The parties consented to proceed before a United States magistrate judge, and the case was reassigned to this Court on April 19, 2007. The case is now before the Court

---

[1] In its original complaint, Certified also sued Pugi Kia and John Zaruba, the Sheriff of DuPage County, as well as three other defendants; they have all been dismissed, leaving Creedon and Stetler as the only defendants named in the amended complaint presently before the Court.

on motions to dismiss filed by defendants Stetler and Creedon under Federal Rule of Civil Procedure 12(b)(6).

Defendant Stetler argues that the complaint against him should be dismissed because Certified has pled facts in its amended complaint that undermine Certified's allegation that Deputy Stetler took the actions he took with malice, willfulness and reckless indifference to the rights of others; on the contrary, Deputy Stetler argues, the facts, as alleged, show that Deputy Stetler requested the titles and that Mr. Kramer voluntarily surrendered the titles to him. Defendant Creedon argues that the complaint against him should be dismissed because the facts, as pled, show that he had probable cause to act.

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint, and dismissal of an action under this rule is warranted only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Christensen v. County of Boone, Illinois*, 483 F.3d 454, 458 (7th Cir. 2007)(quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). In ruling on a motion to dismiss, the Court construes the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). To withstand a motion to dismiss for failure to

state a claim, the complaint need only "'outline or adumbrate a violation of the statute or constitutional provision upon which the plaintiff relies and connect the violation to the named defendants.'" *Christensen*, 483 F.3d at 459 (quoting *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992)).

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Christenson*, 483 F.3d at 459 (citing *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). In its amended complaint, Certified alleges that "[n]either Creedon nor Stetler had an arrest warrant, search warrant or any lawful authority whatsoever to seize the Titles or the 2005 Kia Rio from Certified's possession, to turn them over to Pugi Kia or to refuse to return them to Certified." Amended Complaint, ¶16. Certified alleges that, by acting as described above, and without any legal authority, defendants Creedon and Stetler violated Certified's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. *Id.*, ¶17. Certified further alleges that defendants Creedon and Stetler did what they did "with malice, willfulness, and reckless indifference to the rights of others," causing Certified to suffer financial damage in an amount equal to the value of the

4

four cars, plus "additional damages including but not limited to the loss of property and mental stress and anguish." *Id.*, ¶¶18-19.

The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The amendment does not prohibit all seizures, only those that are unreasonable. Here, Certified alleges different conduct by each defendant; it alleges that Director Creedon seized the Kia Rio in violation of its Fourth Amendment rights and that Deputy Stetler seized the title documents in violation of its Fourth Amendment rights.

Turning first to the allegations relating to the 2005 Kia Rio, Director Creedon physically took this vehicle away from Mr. Kramer; to be sure, this would amount to a "seizure" within the meaning of the Fourth Amendment. *See, e.g., Soldal v. Cook County, Illinois*, 506 U.S. 56, 61 (1992)(a "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property.")(citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). But the Fourth Amendment does not protect against all seizures, only those that are "unreasonable." Thus, the real question is whether the allegations in the amended complaint can fairly be read to sustain a claim that the seizure was unreasonable.

Certified's allegations appear to challenge as

unconstitutional not only the initial seizure of the Kia Rio, but also the continued seizure of the Rio in light of the title documents that Mr. Kramer displayed, and also the turn over of the Rio to Pugi. Taking them one at a time, the Court finds as a matter of law that Director Creedon had probable cause to seize the Kia Rio initially; Pugi's stolen car report would have provided that. *See Pasiewicz v. Lake County Forest Preserve District*, 270 F.3d 520, 524 (7th Cir. 2001)(information obtained by a police officer that establishes the elements of a crime is generally, absent information that the person providing the information is not credible, sufficient to provide probable cause). *See also Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994)("When the question of probable cause arises in a damages suit its resolution typically falls within the province of the jury, though a conclusion that probable cause existed as a matter of law is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them.")(citing *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993); *Gerald M. v. Conneely*, 858 F.2d 378, 384-385 (7th Cir. 1988); *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 438 (7th Cir. 1986)). And, if Director Creedon had probable cause to seize the Rio, Certified's §1983 claim necessarily fails. *See Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007).

Certified argues that the fact that Mr. Kramer advised Director Creedon that Certified, not Pugi, was the true owner of the Rio changes things. But it doesn't. That Mr. Kramer, on behalf of Certified, disputed the stolen car report is immaterial to the question of probable cause. *See Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006)(it does not matter that accused denies allegations giving rise to probable cause; police need not conduct an investigation but may arrest and let prosecutors and courts determine who is telling the truth)(citing *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432 (7th Cir. 1986); *Wilson v. McRae's, Inc.*, 413 F.3d 692 (7th Cir. 2005); *Dreibel v. Milwaukee*, 298 F.3d 622, 643-44 (7th Cir. 2002); *Pasiewicz*, 270 F.3d at 524). Of course, this principle has exceptions, but the facts alleged do not suggest that one applies; they do not, for example, provide any basis to suggest that the defendants knew or should have known that the report was false, or that they knew or should have known that Pugi somehow harbored a grudge against Mr. Kramer and Certified.

Moreover, the Seventh Circuit has rejected the idea that a state actor's refusal to return once lawfully obtained property can amount to an unreasonable seizure (i.e, that the refusal can transform the seizure from reasonable to unreasonable). *See Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003) ("*Soldal's* 'meaningful interference with a possessory interest' definition

7

is limited to an individual's interest in retaining his property"; "once an individual has been meaningfully dispossessed, the seizure of property is complete, and once justified by probable cause, that seizure is reasonable."). Thus, the fact that Director Creedon failed to return the Rio – in fact, turned it over to Pugi – does not give rise to a constitutional violation. In fact, given the police report, the defendants were under no obligation to investigate Mr. Kramer's claim that Certified, not Pugi, was lawfully entitled to possession of the Rio. See *Reynolds*, 488 F.3d at 766; *Pasiewicz*, 270 F.3d at 524.

In response to Director Creedon's motion to dismiss, Certified admits that the mere seizure of the Kia Rio would "probably not" have resulted in a lawsuit; it argues, however, that, because Director Creedon turned the car over to Pugi, a reasonable jury could find that he lacked probable cause. See Plaintiff's Response to Defendant John Creedon's Motion to Dismiss, p. 6. But *Lee* says otherwise; as does *Pasiewicz*. Once Certified concedes that Director Creedon had probable cause to seize the Rio, its Fourth Amendment claim falls away.

Turning to the title documents, a reasonable trier of fact would similarly be unable to conclude that Deputy Stetler's conduct amounts to a constitutional violation. Initially, the only possessory interest the "seizure" of the title documents

8

interfered with is the possessory interest in those pieces of paper; nothing the defendants are alleged to have done interfered with Certified's possessory rights in the three vehicles covered by the titles (the same is not true of the Kia Rio, but the Court has already addressed that seizure). More importantly, the allegations establish that the papers were not "seized"; rather, as the allegations make clear, Mr. Kramer offered the documents and willingly handed them over when asked. Thus, to the extent these papers can be said to have been "seized," they were seized with consent, and there can be no Fourth Amendment violation and no §1983 claim. *See, e.g., Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). That Mr. Kramer may later have tried to revoke his consent and get the papers back does not change that result. *See Lee*, 330 F.3d at 456.

The Court similarly finds that the allegations of the amended complaint fail to state a claim for violation of the Fifth Amendment. Even if the Court were to find that the conduct alleged in the amended complaint amounted to a "taking" within the context of the Fifth Amendment, Certified's complaint does not allege - and the Court therefore has no basis to find - that Certified has been denied just compensation for any such taking. Accordingly, any Fifth Amendment claim must be dismissed as premature. *See, e.g., Peters v. Village of Clifton*, No. 06-3735, — F.3d —, 2007 WL 2377385, at *2 & n.4 (7th Cir. Aug. 22,

2007)(no constitutional violation occurs until the property owner's claim for just compensation has been denied)(citing *Williamson County Reg. Planning Comm'n v. Hamilton Bank of Johnson County*, 473 U.S. 172, 194-195 (1985)). Indeed, Certified concedes as much and has agreed to dismiss the Fifth Amendment claim. *See* Plaintiff's Response to Defendant John Creedon's Motion to Dismiss, p. 14 n.4.

Although Certified has made no similar concessions concerning any attempt to state a claim under the Fourteenth Amendment or to state a claim against the defendants in their official capacities, neither claim can be sustained based upon the facts alleged in the amended complaint. *See Hanno v. Sheahan*, No. 01 C 4677, 2004 WL 2967442, at *10 (N.D. Ill. Nov. 29, 2004)(citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))(no Fourteenth Amendment due process claim if a meaningful postdeprivation remedy for the loss is available); *Porco v. Trustees of Indiana University*, 453 F.3d 390, 394-95 (7th Cir. 2006)(Eleventh Amendment bars damages claims against state actors in their official capacities)(citing *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Doe v. Heck*, 327 F.3d 492, 508 n. 13 (7th Cir. 2003)).

## Conclusion

As more fully explained above, the Court finds that no reasonable trier of fact could conclude that the defendants violated Certified's constitutional rights. Accordingly, the Court grants the motions to dismiss filed by defendants Steven Stetler [#30] and John P. Creedon [#42].

Dated: September 14, 2007

ENTER:

*[signature: Arlander Keys]*
ARLANDER KEYS
United States Magistrate Judge